Filed 4/10/25  P. v. Dworniczak CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK DWORNICZAK,<br><br>    Defendant and Appellant. | B337180<br><br>(Los Angeles County<br>Super. Ct. No. LA063390) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed with directions.

        Lenore Da Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Blake Armstrong, Deputy Attorney General, for Plaintiff and Respondent.

In 2010 a jury convicted Mark Dworniczak of kidnapping, making a criminal threat, assault with a firearm, willfully inflicting corporal injury resulting in a traumatic condition on a cohabitant, and possession of a firearm by a felon and found true several firearm allegations. In a bifurcated proceeding Dworniczak admitted allegations he had served five prior prison terms, within the meaning of Penal Code section 667.5, former subdivision (b).[1] (*People v. Dworniczak* (Oct. 25, 2011, B224708) [nonpub. opn.].) The trial court sentenced him on the kidnapping conviction to the upper term of eight years, plus 10 years for the firearm enhancement under section 12022.53, subdivision (b). The court imposed terms of eight months for making a criminal threat, one year for assault with a firearm, and eight months for possession of a firearm by a felon, as well as a concurrent term of three years for willfully inflicting corporal injury resulting in a traumatic condition on a cohabitant. The court also imposed on the kidnapping conviction five one-year terms under section 667.5, former subdivision (b), and imposed but stayed execution (under section 654) of five one-year enhancements under section 667.5, former subdivision (b), on each of the other four convictions. Dworniczak's aggregate prison term was 25 years four months.

In January 2023 Dworniczak filed a petition for resentencing under section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) At the

---

[1] Statutory references are to this code.

initial hearing on the petition, the superior court stated to Dworniczak: "At the very least, we know that five years are going to be shaved off your sentence due to changes in the law. And the issue is: How much more should your sentence be reduced?" The court ultimately struck the one-year enhancements under section 667.5, former subdivision (b), conducted a full resentencing, but declined to exercise its discretion to reduce Dworniczak's sentence further. The court stated: "So here's the resentencing I have to do. Under the changes in the law, I have to strike five years off the sentence. That's the way the law now reads. So each of the one-year priors imposed under Penal Code section 667.5, subdivision (b), for his prior prison terms, each of those is stricken. I'm not going to modify the sentence in any other way." The court stated "the current aggregate sentence has been reduced to 20 years and four months . . . ." Dworniczak timely appealed.

Dworniczak has no issue with the superior court striking the five prior prison term enhancements imposed on his kidnapping conviction. He argues the superior erred in failing to strike the five prior prison term enhancements the trial court imposed on each of his other convictions but stayed under section 654. The transcript of the resentencing hearing indicates, however, the superior court struck "each of" of the prior prison term enhancements. That would include the one-year enhancements the trial court imposed and executed and those the court imposed and stayed execution of. True, the minute order from the resentencing hearing states that the court "strikes five one-year priors imposed under" section 667.5, former subdivision (b), and that the court left the "remainder of sentence intact." But the court's oral pronouncement of sentence constitutes the

3

judgment and takes precedence over a subsequent minute order. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; see *People v. Portillo* (2023) 91 Cal.App.5th 577, 603 ["'the oral pronouncement of sentence controls over a subsequently entered minute order'"]; see also *People v. Henson* (2022) 13 Cal.5th 574, 582, fn. 6 ["entry of minutes is 'a clerical function' and 'a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error'"].) The trial court's oral pronouncement of sentence struck each of the enhancements under section 667.5, former subdivision (b), stayed and unstayed. The trial court must correct the minute order to conform with the judgment. (See *People v. Cervantes* (2020) 46 Cal.App.5th 213, 230 [Court of Appeal may direct the trial court to correct errors in a sentencing minute order].)[2]

---

[2] Because the superior court struck both the imposed and the imposed-and-stayed enhancements under section 667.5, former subdivision (b), we do not reach in this case the issue whether section 1172.75 requires the superior court to strike one-year enhancements the trial court imposed and stayed. (See, e.g., *People v. Bravo* (2025) 107 Cal.App.5th 1144 [petitioner is not "ineligible for section 1172.75 relief because his now-invalid section 667.5(b) enhancement was imposed but stayed"]; *People v. Mayberry* (2024) 102 Cal.App.5th 665 [section 1172.75 applies to prior prison term enhancements that were imposed and stayed], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270 [same], review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 [same], review granted Feb. 21, 2024, S283189; see also *People v. Espino* (2024) 104 Cal.App.5th 188 [section 1172.75 applies to a prior prison term enhancement where the trial court imposed the enhancement but struck the punishment], review granted

The abstract of judgment after resentencing lists the imposed-but-stayed enhancements under section 667.5, subdivision (b).  Though the directions on the abstract of judgment state "DO NOT LIST ANY STRICKEN ENHANCEMENT(S)," the abstract of judgment includes (with an "S" for stayed) five one-year enhancements on each of Dworniczak's four non-kidnapping convictions.  The superior court, however, struck those.  The superior court must correct the abstract of judgment to reflect that the court struck each (and every) one-year enhancement under section 667.5, former subdivision (b).  (See *People v. Murphy* (2022) 80 Cal.App.5th 713, 733 [Court of Appeal may direct the trial court to correct errors in the abstract of judgment]; *People v. Jones* (2021) 65 Cal.App.5th 1, 13 [Court of Appeal may order "appropriate correction of the abstract of judgment"].)

---

Oct. 23, 2024, S286987; but see *People v. Rhodius* (2023) 97 Cal.App.5th 38 [section 1172.75 applies only where an enhancement under section 667.5, former subdivision (b), was imposed and executed], review granted Feb. 21, 2024, S283169.) Dworniczak does not challenge any other aspect of the superior court's ruling on his petition.

## DISPOSITION

The judgment is affirmed.  The superior court is directed to correct the March 11, 2024 minute order to reflect the court struck all one-year enhancements under section 667.5, former subdivision (b), to prepare an amended abstract of judgment that does not include any such enhancements, and to send the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

SEGAL, J.

We concur:

MARTINEZ, P. J.

STONE, J.